Your Honor, the District Court's two remand orders should be reversed for two reasons. First, a District Court has no authority to remand on its own motion on a non-jurisdictional procedural ground, such as timeliness of removal. And second, the removal that Benchmark filed was in fact timely. With respect to the District Court's authority, this court held in Kelton Arms Condo Owners Association, and this is a quote from the case, the District Court cannot remand defects in removal procedure. The case further held that timeliness of removal is a non-jurisdictional defect in procedure, and it's something that the District Court cannot raise on its own motion. In this case, the only grounds for remand identified in the District Court's orders were that Benchmark's notice of removal was late, and Plaintiff never filed a motion to remand, and Plaintiff never raised timeliness of removal at any point in the proceedings. So for that reason, Kelton Arms controls and requires reversal of the order. Well, it looked to me as though the District Judge kind of gave a hint, but hey, wouldn't you like a remand? That's not enough in your view? I'm sorry, Your Honor, I didn't hear that question. My sense is that the District Judge, I think, worrying about this being purely a kind of give a hint to the Plaintiff, like, wouldn't you like a remand? That's not enough? No, Your Honor, it's not, because what the District Court did was gave the Plaintiff five days to file a notice of waiver of procedural default, but that's inconsistent with the removal statutes, and it's also inconsistent with this Court's precedence. Kelton Arms and also Corona is clear that timeliness of removal has to be raised by the parties, and furthermore, if it's not raised within 30 days by the Plaintiff, then it's waived. So it's essentially, it's an opt-out procedure. The Plaintiff needs to file a motion to remand within 30 days in order to preserve the argument that the removal is untimely. Rather, what happened here is the District Court raised it on its own and then shifted the burden to the Plaintiff to affirmatively opt-in within five days, which is a time frame that comes from nowhere, really, and it's just not consistent with Kelton, Corona, and Corona for the removal statute. In fact... Did the 30 days... I'm trying to put together a timeline here. Did the District Court dismiss or remand the case, I'm sorry, less than 30 days after it had been removed? Yes, Your Honor. I want to say it was about a week to 10 days after we removed. I want to ask you a question not posed by this case, but it's fascinated me as I looked at this case. If we were to find that the District Courts erred in remanding, would your opponent still have some time left to file a motion to remand? Your Honor, I don't believe that's before the court today. I told you that when I asked the question. If you don't have an opinion, that's fine. I'm just... I mean, it's sort of strange because if she wanted to file a motion to remand, she would have had time left before the judge remanded on his own. And so I'm trying to figure out whether if we send it back to the District Court, her clock... And we don't have to answer it. But that's an interesting question posed for me by this case as somebody who dabbles in civil procedure. I don't know the answer. Yes, Your Honor. A benchmark position would be that it would be untimely. There was nothing stopping plaintiff from filing a motion to remand within 30 days. And I think the law is fairly clear that the District Court's order was an excess of authority. So they could have filed a motion to remand and didn't. And at this point, I think it could be waived. And I do just want to... It's another quote from Kelton, which says that Section 1447 consigns procedural formalities to their part. So again, the District Court didn't have the authority to raise this in the first place. So by giving the plaintiff five days, you sort of say, well, you know, we don't care. We want to be in federal court. It is just not how... Could I ask you to address the merits of the remand order and put aside the question that neither of the 30-day windows has expired? Is there any basis here for remand? In other words, let's assume that your opponent had said, well, we want to remand because this doesn't meet CAFA's requirements. Is there any basis on this record for a remand on that score? No, Your Honor. In Benchmark's notice of removal, it alleged that there was minimal diversity of citizenship. Benchmark is a citizen of Arizona and Texas. And it alleged that there those allegations are at the leading stage. The District Court plaintiff would have to challenge those, at which point we would submit evidence. We're confident that that would be able to establish more than 5 million in controversy and that there's minimal diversity. In fact, there's a similar case filed by a different plaintiff, the same plaintiff counsel at Benchmark, where they did file a remand and raised the timeliness that they are raising here. And also the requirements were met, evidence was submitted, and the District Court did not motion on both. And I do want to address the merits of the timeliness issue. Even if the District Court was authorized to raise this, Benchmark's removal was clearly timely. The two 30-day periods in 14 U.S.C. 1446 are not the exclusive times in which to remove. That's the holding of Roth versus Michaels stores. Rather, a defendant is able to remove at any time unless one of those two 30-day clocks is triggered by service of an initial complaint or pleading or other paper that discloses on its face the facts necessary for subject matter jurisdiction. And there's no dispute here that that never happened. The complaint actually alleges that Benchmark is a citizen of California and that the plaintiff is a citizen of California. And it doesn't allege the citizenship of any class member. So complete diversity does not appear on the face of the complaint. And the complaint does not allege an amount of controversy either. And there's no evidence in the record of service of any other pleading or paper that would have started the second 30-day clock disclosing subject matter jurisdiction. So under Roth, defendant Benchmark was free to remove at any time. That is also the holding of Rea versus Michaels stores, which followed Roth. And again, it says, as long as the complaint or an amended pleading motion order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time. Plaintiff has argued that Benchmark's investigation can start the 30-day clock. But that issue was addressed in the cases of Harris versus Bankers White. And it held that only a notice of removability for purposes of starting those two 30-day clocks is determined solely from the face and the four corners of the applicable pleadings that are served on the defendant. And that the defendant's own subjective knowledge is irrelevant. And what the defendant learned on its own doesn't matter. In order to start the clock, they have to be served with something by the plaintiff or maybe that would disclose So could you wait until judgment was entered to first raise a claim? Yes, Your Honor. Well, I would say up until the point of judgment. And that is actually Roth anticipated this is a potential objection to the rule that it is public. And what it held was one, that's what Congress did. And two, plaintiffs are in a position to protect themselves. They can serve a pleading or paper on defendant that discloses subject matter jurisdiction that will start the 30-day clock. So what you just raised, Your Honor, was actually addressed by the court in Roth as a potential objection to the rule it established and nevertheless held that is law. In non-CAFA cases, it's not as much of a concern because there's the outside one-day limitation from filing on removal where it's sort of a statute of repose. You have one year from when the complaint is filed, which doesn't apply in CAFA cases. But that's what Congress chose to do. And plaintiffs are in a position to protect themselves. And that's not what happened Congress chose to do. I think it's a drafting error in CAFA. But I mean, they wrote what they wrote. Yes, Your Honor. And I would just say that Roth did address this and Roth is a precedent of the sport and it should be followed here. So, Your Honor, unless you have any further questions, I would yield my time to plaintiff's counsel and urge reversal of the district court's orders. One, because the district court had no authority to remand on a non-jurisdictional ground. And two, because the removal filed by benchmark was, in fact, timely. All right. Ms. Carlson. Good morning. May it please the court, Allie Carlson for the appellee. I want to address Judge Hurwitz's question briefly. I know it wasn't really addressed by the papers, but this idea that plaintiff perhaps may not have time to remove, or I'm sorry, file a motion to remand if this court sent this case back to the district court. The idea behind that is that once the court issues its remand order, the court is divested of all jurisdiction. So, there was nothing to remand at the time that the court remanded the case. So, we literally could not have filed a motion to remand, putting aside whether or not the court's remand order was proper. So, arguably, the period of time that this case has been pending on appeal could be considered a tolling in a sense of the central district requires a meet and confer to occur with the parties at least seven days before the filing. So, you know, the timeline for us to file a motion to remand was pretty short, given the time that had elapsed between when the case was removed and eventually remanded by the court. But putting that issue aside, that's why I asked your friend the question. It seems to me that on the merits of remanding, the notice of removal quite plausibly argues that there's CAFA jurisdiction. It's not like we have an evidentiary hearing to determine what the damages are. It's just whether it's plausible the class is large enough and the claim damages per individual seem to be large enough to make their claim plausible. So, why doesn't this case belong in federal court, procedural issues aside about how we got here? Perhaps it could meet the local controversy exception, but that's not subject to that 30-day deadline for us to file a motion to remand. What plaintiffs would argue in a motion to remand is this timeliness issue. Put aside the timeliness for a second. Let's assume that you lose on the timeliness issue. You wouldn't have any other basis for a motion to remand, would you? Not within the 30 days. We'd need more information to determine whether the local controversy exception applies. Because this is a case for workers here in California. It's a wage and hour case. The company operates here in California. So, that would be something we would explore. But I would agree with the court that should we lose on the timeliness issue, the removal papers do assert the amount in controversy somewhat. It appears that the amount in controversy is met. Maybe you can address that. Go ahead, Judge Fletcher. I was just going to ask if counsel could address the timeliness issue. Because I think everything your opponent said just seems dead on the money right. The combination of our cases, particularly Roth, which I think Judge Fletcher authored, just seems to doom whatever you have to say on the timeliness front. So, I'd love to hear if you have something new to add. But I just don't see any way for you to prevail on that. Sure. And I'd be happy to answer that question. Roth doesn't quite reach the issue of whether or not there's this timeline to remove based on a defendant's own investigation. While I wasn't able to find a case that clearly stated that defendant's investigation occurred more than 30 days prior to its removal. Because in Roth, the defendant removed within 30 days of learning that that putative class member was not a resident, was a diverse person, thus having minimal diversity. Same thing with Grazier v. VisionWorks. That was an investigation done by the defendant. But the case was removed within 30 days of that investigation. So, if you look at the purpose of CAFA, CAFA was designed to keep these cases in a federal court because they have interstate implications. So, to allow defendant to sit on its own investigation for more than 30 days until it decides that perhaps one jurisdiction may be better than the other, I think you're defeating the purpose of CAFA. Well, I think that may be right. And Roth may be wrong. But I think Roth says that's exactly what happens. And I didn't take any great pleasure in writing Roth. But I think CAFA, they just missed a bet when they wrote the statute. Perhaps the court is right. And again, I read Roth fairly carefully. I even listened to the oral arguments. And again, while I'm not disputing what Roth holds, Roth's true issue was whether or not the only time in which a defendant can remove is when the initial pleading reveals a basis for jurisdiction or when some other paper reveals that jurisdiction. It didn't really address the timeline in which some other basis for jurisdiction could arise. Maybe the facts weren't quite presented in the way that would answer the precise question. But certainly the rationale, as explained in Roth, says, you know, there's an objection to the defendant to move. It allows a motion for remand by the plaintiff when things go badly. And then therefore, sort of a wonderful opportunity for forum shopping. And then the answer was, well, that's a problem. It's a problem that can be handled by the other side by revealing the information that will trigger one of the two periods. But the rationale of Roth does not have some additional limitation in it, except the two periods that might be triggered by the act of revealing the information. Right. And that's another reason why we referenced Goodman in our papers. And while Goodman isn't published, Goodman relies on other cases where the removal was effectuated within 30 days of the defendant's own investigation. And well, it also references the Michael Storrs case. That case was removed within 30 days of a change in the law. And so, you know, that wasn't the basis on which the district court ruled here, though, right? The district court didn't say it was more than 30 days since your investigation. It said, it said you don't fit within one of these two 30 day windows, which was an incorrect interpretation of the windows. I would agree. I would agree with your reading of the district court's order that the rationale was perhaps flawed. However, I don't think that I don't think the result changes if the court's inclined to adopt this this timeliness issue on a defendant's own investigation. The court knows it's reviewing this issue de novo, so it can affirm the district court's decision, perhaps on different rationale. Well, that's that was why I asked the question, how could we affirm it? How can we tell from this record, even if your view is correct? And I tend to agree with Judge Fletcher's reading of Roth, that they took excessive time after reasonably determining that there was CAFA jurisdiction before removing. There's just nothing in this record that would allow us to make that determination, is there? There's the information about the other case that defendants counsel mentioned, the Torres case. Well, that's should have known, as opposed to as a, when did they actually start to investigate and determine, isn't it? Perhaps, perhaps it could be a should have known. However, in order to determine that Torres was removable, defendant had to investigate the class as to benchmark also. So benchmark is a parent company, and benchmark is a defendant in the Torres case. Unless the court has any further questions, I will waive the remainder of my time. Okay, thank you very much. Mr. Ellis, you've saved some time. I'm not sure how much of it you want to, you need to use or want to use. I believe I reserved two minutes. I just do want to address very briefly some of the things that plaintiff's counsel said. Your Honor, plaintiff's counsel relies on defendants own investigation to start the clock, but Roth and Harris simply reject the notion that that can start the 30 days. Harris said that notice of removability is determined from the four corners of the applicable pleadings. Defendant was never served with a pleading or other paper disclosing subject matter jurisdiction. And Roth, this is a quote from Roth, a defendant's subjective knowledge cannot convert a non-removable action into a removable one, such that the 30 day time limit of 1446 B1 or B3 run against the defendant. I agree with Judge Fletcher that Roth is positive here and Roth controls. And just to address Judge Hurwitz's concern about what may happen if we're back, if the court rules that the district court had no authority to raise this, your honors can actually cut that potentially tricky issue off by ruling in benchmark favors on both grounds, that the district court had no authority and that on the basis of the record, the removal was in fact timely. Do we have to, do we have to reach the first one? In other words, you're here on two separate routes. One is an appeal of the district court order. The other one is the petition that you filed that I guess saw before today, although I didn't realize that until I looked at it. On the petition, can't we just find that the 30 day periods don't apply as your co-counsel, as your friend admits, and that on this record, there's no basis for remand? Yes, your honor. Our petition that was granted gives the court the jurisdiction to rule on the merits. And if your honors agree with us on the merits and are inclined to reverse that on that you wouldn't need to reach the eighth period. I agree. We wouldn't need to reach the issue whether the judge could have done this sua sponte. We would just say his ruling was incorrect. Correct. What benchmark desires is to be in federal court. So whichever ground the court chooses for reversal or both, that would get up to federal court. It really doesn't. Well, it makes a difference in the sense that we would probably, benchmark would like a ruling on the merits because we don't want to be back here if defendant makes a motion to remand and the district court relies on the same ground he already relied on and remands again. So benchmark would prefer a ruling on the merits. But either grounds raised in our appeal and our petition, that the district court cannot do the sua sponte and that the removal wasn't faxed timely. That's why I raised the question because if we simply said the district court lacked jurisdiction to do a sua sponte, we would be back in front of the district court and presumably your opponent, although I think she knows better now, would file a motion to say you didn't meet either of the 30 day time periods and the district court would agree and then we'd be back here. So it seems to me the better way to handle this case is to try to deal with the substantive issues posed by it, not just the procedural ones. Much as I'd like to see both of you again, maybe that's right. Any further questions from the bench? I think both sides for a tricky little case. For those of us who are afflicted with a love for civil procedure, this is just right in our wheelhouse. Okay, thank you both sides for your helpful arguments. Rescon versus Benchmark Electronics submitted for decision and that completes our argument calendar for this morning. This court for this question is adjourned.
judges: W. Fletcher, Watford, Hurwitz